PETERSON, Chief Judge.
Maureen Musial appeals an order modifying her probation.
In 1986, the trial court entered a restitution order requiring the appellant to pay $80,000 over her 15 year probationary period. During the sentencing hearing the court announced:
The Court will require as a condition of probation that you make restitution in the gross amount of $30,000.00.. and that $30,-000.00, of course, would be subject to the amounts that you’ve already paid upon that.... According to the accounting, [defense attorney] will submit to probation and it’s, I guess, somewhat difficult until the condominium is actually sold to know where the precise figure falls at this point. (Emphasis added).
On October 30, 1985 the victim had obtained a civil judgment against appellant in the amount of $41,166.68 for the theft which included the $30,000.00 plus interest, costs and attorney’s fees in the amount of $11,166.68.
The initial problem that we notice is that the written order modifying probation dated March 27, 1996, does not make a finding as to the balance of restitution, although the record of the two hearings on the matter reflects that the issue was discussed and findings announced that purported to establish the balance. The payments in question in this appeal that affect the balance owed for restitution include a credit for the equity in a condominium granted to the victim and referred to in the above quotation, and $400 paid in March and April, 1986.
The state acknowledges that the civil judgment and the restitution order show different total amounts because some of the amounts included in the civil judgment are not allowed in a restitution order. Confusion follows, however, by the state’s assertion that a double credit would be erroneously allowed if a credit for the condominium was allowed against both the judgment and the restitution order.
The appellant is entitled to a credit on the amount of the restitution order for her cash payments as well as any other property that the victim accepted in payment of the debt. All credits for the payments in the form of cash and property will apply to the dissimilar balances represented by the judgment and restitution order until the restitution order, the smaller amount, is satisfied. The credits are not double credits because the $30,000 set forth in the restitution order represents the same $30,000 principal set forth in the civil judgment. Additionally, the original order of restitution specifically contemplated that the value of the equity in the condominium would be credited against the $30,000 order of restitution.
The March 27, 1996 order extending probation does not reflect the oral findings at the violation of probation hearing. It would be beneficial for all concerned to have the balance of restitution determined in a written order while the payments are now ascertainable. We remand for a determination of the amount to be credited for the equity in the condominium conveyed by the appellant to the victim, to grant a credit of the $400 which represents the March and April, 1986 payments, and to determine the balance still owed for restitution.
The March 27, 1996 order extending probation is vacated and the matter is remanded.
VACATED; REMANDED.
GRIFFIN and ANTOON, JJ., concur.